NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5150

CONSCOOP-CONSORIZA FRA
COOPERATIVE DI PROD. E. LAVORO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 10, 2005

_____

Before MAYER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Conscoop-Consorzia Fra Cooperative Di Prod. E. Lavoro ("Conscoop") filed a post-award bid protest seeking to set aside the award of a contract by the United States Navy ("agency") to Lotos S.r.I for improvements to the main gate and renovation of a building at the United States Naval Air Station in Sigonella, Italy.  The United States Court of Federal Claims issued judgment on the administrative record determining that the agency properly rejected Conscoop's price proposal as untimely and that the price proposal did not fall within any of the exceptions permitting acceptance of a late offer.

Conscoop-Consorzia Fra Coop. Di Prod. E Lavoro v. United States, 62 Fed. Cl. 219 (2004).  We affirm.

Conscoop challenges the trial court's interpretation of the solicitation deadline for submission of the price proposal.  "Interpretation of the solicitation is a question of law over which we exercise independent review."  Banknote Corp. of Am., Inc. v. United States, 365 F.3d 1345, 1353 (Fed. Cir. 2004).  The interpretation of the solicitation begins with an examination of the plain language of the document and it "is ambiguous only if its language is susceptible to more than one reasonable interpretation."  Id.  "If the provisions of the solicitation are clear and unambiguous, they must be given their plain and ordinary meaning; we may not resort to extrinsic evidence to interpret them."  Id. (citation omitted).

The agency embedded the solicitation through a link on its web site.  The solicitation required each offeror to electronically submit both a technical proposal and a price proposal for the project.  The price proposal was to be submitted electronically or by courier to the agency contract specialist whose office was located in Naples, Italy.  The solicitation provides that "Electronic transmission of the offer to perform the work required is due at the email address specified in Section 00201 by: For technical proposals: 18 Jul 2003, 1400 (hours)  For price proposals: 5 Aug 2003, 1400 (hours)  The hours are stated in local time."  (Emphases in original).

Conscoop contends that the time for submission of the price proposal within the solicitation must be interpreted as 1400 hours in a United States time zone based upon language contained on the linking page of the agency's web site.  "The first page of the web site also contained text, including the titles, 'Description of Advertised Solicitation,'

04-5150                                                  2

followed by information regarding the solicitation number, title, and due date, and 'Synopsis or Description.'  On the Navy web site, the due date of the solicitation was listed in the following manner:  'Due Date: 05-Aug-2003 1400 hrs (U.S. Time Zones).'" Conscoop, 62 Fed. Cl. at 222.   The agency web site also directed potential offerors to refer to the web site for amendments and notices.  Conscoop believes that the web site language should control, or, at a minimum, be given equal weight to the time deadline within the actual solicitation.

The web page relied upon by Conscoop was not part of the solicitation; it was merely the mechanism that provided access to the solicitation.  The reference to "U.S. Time Zones" appears only at the agency's web site, each time under the heading "Description of Advertised Solicitation."  The same web page made clear that the solicitation was a separate document accessible via a link within the page.  Under the "Synopsis or Description" title on the web site, the second paragraph states:  "The submittal requirements are described in the solicitation."  The only reasonable interpretation of this referral language is that the solicitation is a separate document and that information on the web page was not part of the solicitation.  This interpretation is supported by Federal Acquisition Regulation ("FAR") clause 52.215-1, incorporated by Subparagraph 1.4 of the solicitation.  FAR 52.215-1(c)(3) dictates that "[o]fferors are responsible for submitting proposals, and any modifications or revisions, so as to reach the Government office designated in the solicitation by the time specified in the solicitation."  Incorporating the "U.S. Time Zones" language from the web site into the solicitation would be to impermissibly rely on extrinsic evidence to interpret an otherwise plain and unambiguous term within the solicitation.  See Banknote, 365 F.3d at 1353.

04-5150                                              3

Since the solicitation, not the web site, controls, the language of the solicitation establishes the deadline of the submission for price proposals. "Local time" generally refers to the time where the "Government office designated in the solicitation" is located." FAR 52.215-1(c)(3)(i) (2004). The solicitation was issued by the Department of the Navy with an address given in "Napoli" (Naples, Italy). The solicitation also stated that offers could be sent to: "US Navy Supply Department, GSA Customs, Viale Ruffo Di Calabria, 80144 Capodichino, Napoli" (Naples, Italy). Accordingly, the solicitation's requirement to submit price proposals by 1400 hours local time can only be interpreted as 1400 hours Naples time.

The evidence supports this interpretation. Seven companies submitted price proposals and all were received by the agency at the proper electronic mail address. Six of the seven price proposals were received prior to the deadline of 1400 hours Naples time on August 5, 2003. Indeed, Conscoop's actions also confirm that the proposals were due by 1400 hours Naples time. Conscoop sent its proposal by electronic mail at 1358 hours Naples time, which strongly suggests it was attempting to comply with the deadline of 1400 hours. Unfortunately for Conscoop, the proposal did not arrive at the agency's server until 1540 hours. When Conscoop learned that the agency rejected its price proposal as untimely, an employee of Conscoop called the agency and inquired whether any exceptions could be made so that Conscoop's proposal could still be considered. Thus, Conscoop itself initially interpreted the solicitation as requiring submission of the price proposal by 1400 hours Naples time.

By regulation, the agency was required to reject untimely offers and could not consider whether it would accept Conscoop's untimely offer unless one or more limited

exceptions applied.  <u>See</u> FAR 52.215-1(c)(3).  Conscoop makes several unpersuasive arguments that all relate to its ability to submit its proposal.  The exceptions to the general rule, however, focus on the government's ability to receive offers.  Based upon the uncontested evidence, none of the exceptions apply and no emergency events existed that interrupted the agency's ability to receive offers at the required time and location.

04-5150                                        5